NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 12 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| BARUCH YEHUDA ZIV BRILL, et al.,<br><br>    Plaintiffs-Appellants,<br><br>  v.<br><br>CHEVRON CORPORATION, a Delaware Corporation,<br><br>    Defendant-Appellee. | No.    18-16862<br><br>D.C. No. 3:15-cv-04916-JD<br><br>MEMORANDUM[*] |

Appeal from the United States District
Court for the Northern District of California
James Donato, District Judge, Presiding

Submitted February 14, 2020[**]
San Francisco, California

Before:  RAWLINSON and CALLAHAN, Circuit Judges, and S. MURPHY,[***] District Judge.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]    The Honorable Stephen J. Murphy, III, United States District Judge for the Eastern District of Michigan, sitting by designation.

Appellants, 18 United States nationals and 298 foreign nationals, brought the present action against Chevron and claimed that surcharges from Chevron's purchase of Iraqi crude oil were remitted to Saddam Hussein, who used the funds to finance terrorist activity in Israel from 2000 to 2002. That activity allegedly harmed Appellants and their family members who now appeal the district court's order dismissing the second amended complaint for failing to state a cognizable claim. We have jurisdiction under 28 U.S.C. § 1291 and review de novo. *Carlin v. DairyAmerica, Inc.*, 705 F.3d 856, 866 (9th Cir. 2013).

1. Chevron's purchases of crude oil from a third-party seller, as alleged, do not constitute acts of international terrorism as defined by 18 U.S.C. § 2333(a). The mere fact that oil purchases allegedly included kickbacks that violated United Nations-imposed sanctions did not make the purchases terrorist acts. Appellants failed to plausibly allege that their injuries were "by reason of" Chevron's oil purchases, which requires a proximate causation showing and "a showing of at least some direct relationship between [Chevron's] acts and [Appellants'] injuries." *Fields v. Twitter, Inc.*, 881 F.3d 739, 744, 748 (9th Cir. 2018).

2. To state an ATA secondary liability claim, Appellants must plausibly allege that Chevron aided and abetted persons who committed an act of international terrorism. 18 U.S.C. § 2333(d). Here, the nature of the terrorist acts had no connection to Chevron's independent purchase of crude oil, and there is no

allegation that Chevron encouraged the acts. There is no allegation that Chevron had any relation to the terrorist organization that executed the attacks in Israel. At most, Chevron had a contractual relationship with a third party that sold Iraqi crude oil on the open market. Chevron's actions, as pleaded, did not amount to providing substantial assistance to the foreign terrorist organization that perpetrated the Israel attacks.

If Chevron's purchases of crude oil constituted "substantial assistance" to the terrorist activity in Israel, Appellants did not sufficiently plead "actual knowledge by the alleged aider and abettor of the wrong and of his or her role in furthering it." *Harmsen v. Smith*, 693 F.2d 932, 943 (9th Cir. 1982) (collecting cases). Appellants' allegations at most indicate that Chevron knew that a portion of its purchase price of Iraqi crude oil would be remitted to Iraq as a kickback. But they fail to allege any facts that indicate that Chevron knew its kickbacks would be used to provide financial support to the terrorist organization perpetrating the terrorist activity in Israel.

3.      To state an aiding and abetting ATS claim, Appellants must allege the requisite mens rea and actus reus—*i.e.*, purposefully (or knowingly) providing substantial assistance to an international crime. *See generally Doe I v. Nestle USA, Inc. ("Nestle I")*, 766 F.3d 1013, 1023, 1026 (9th Cir. 2014). We have yet to

determine whether knowledge or purpose is the proper mens rea standard under the ATS. But Appellants' claims fail even under the less stringent knowledge standard.

The allegations in the second amended complaint at most suggest that Chevron knew that a kickback from its purchase of crude oil from a third party would be remitted to Iraq. But the allegation that Chevron knew this does not logically lead to the inference that Chevron knew that those funds were then provided to a terrorist organization *and* that those same funds were specifically used to finance the terrorist activity in Israel that resulted in the injuries to Appellants and their family members. The district court properly found that Appellants failed to sufficiently plead allegations to sustain their ATA and ATS claims against Chevron.

Accordingly, we **AFFIRM.**